

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

UNITED STATES OF AMERICA,                           MEMORANDUM
                                                    AND
            Appellee,                             ORDER

      - against -                                 95-CR-392 (TCP)

STEPHEN ANTHONY MARC JOHNSON,
PATRICK BOWLER,

            Defendants.

GREGORY PAUL TIMEWELL,

            Defendant-Appellant.

----------------------------------X

PLATT, District Judge.

      In an appeal taken by Gregory Paul Timewell, the Court of Appeals for the Second Circuit vacated the sentence imposed on Gregory Timewell by this Court and remanded the case for further proceedings. Familiarity with the decision of the Court of Appeals is assumed.

      In response to the Court of Appeals remand in *United States v. Timewell*, 124 F. App'x 55 (2d Cir. 2005), defendant Timewell moved this Court pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005), to reevaluate its decision sentencing the defendant to an incarceration of 275 months, stressing the need to avoid

unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.

Also, prior to the appeal, and in an effort to show the similarities between the sentencing of the three above-named defendants and the defendant Thomas Sherrett, this Court outlined non-chronological order the sentences which were as follows:

1. Gregory Timewell on March 5, 2004;

2. Marc Johnson on March 10, 2006;

3. Patrick Bowler on February 1, 2008;

4. Thomas Sherrett on March 22, 2002 (re-sentenced in another court).

Defendant Timewell's Pre-sentence Report stated that his statutory penalty was a mandatory minimum of 10 years and a maximum term of life imprisonment with a total offense level reduced for acceptance of responsibility to 41 and an advisory Guideline imprisonment range of 324 to 405 months.

Defendant Johnson, who plead guilty to conspiring to distribute 23,400 kilos of marijuana and hashish was sentenced by this Court to 180 months (15 years) and Patrick Bowler who participated in a similar conspiracy involving 240,428 kilos was sentenced to 150 months (12.5 years).

Following Timewell's arrest, investigation disclosed that Timewell

had significant drug proceed assets (cash) invested in Swiss bank accounts and some artwork. Initially, Timewell cooperated identifying the whereabouts of various art and providing proceeds of the sale of this artwork. However, further investigation also revealed that Timewell had failed to reveal $5.8 million Swiss in drug proceeds that he had concealed in Swiss bank accounts. When confronted with this fact, Timewell acquiesced and through agreement reached with his attorney surrendered Swiss francs that (when converted) totaled two million, eighty nine thousand in United States currency. For withholding this information, Timewell was required to plead to an additional charge of making false statements to agents. No reduction in sentence was requested for that charge. The presentence report took into account both the plea taken for the false statements as well as a reduction for acceptance of responsibility for this behavior.

The charges referenced in the above paragraph are significant. In addition to saying that there is no penalty for lying to the government, it also means that the money over and above that which the Government was never able to retrieve that had previously been owed by him in the amount of approximately two million dollars in cash; plus some $75,000 dollars in cash towards the purchase of a vessel and crew; plus additional proceeds that the defendant had invested; for all of that the government is not going to prosecute (nor apparently is the government prepared to report any or all of that to the IRS). No one at this point questions the

Government's power to do this in this case or any other case. Nonetheless, this Court should and did make appropriate adjustments to the advisory Guidelines to take into account all of the facts in the case.

As a threshold matter, the Court will consider, pursuant to *Crosby*, whether the sentence of this Court would have been materially different if it had been imposed under the *Booker* regime. After consideration of all relevant § 3553(a) factors, the Court concludes that it would not have been materially different.

In view of all the facts in this case, the Court's downward departure from 324 months (the bottom of the advisory guidelines) to 275 months is a substantial reduction particularly in light of the millions of dollars worth of drugs involved in the case. Lest there be any doubt about this issue: the Court fully considered the impact of the Government's 5K1 letter. The sentencing record reflects that Timewell would have received a far greater sentence if he did not have the benefit of the Government's 5K1 letter. Any comments directed at the United States Attorney's Office regarding their usual practice when a defendant violates the terms of his agreement were at best ancillary to the determination of the sentence in this matter. The comments were mainly the personal experience of this Judge that in many instances the Government has rescinded cooperation agreements and withdrawn 5K1 letters for violating cooperation agreements. Despite, however, the violation of the cooperation agreement by the defendant in the instant matter,

-4-

the Court gave full effect to the Government's 5K.1 letter, and that consideration was reflected in the imposed sentence.

The opinion of the Appeals Court also notes that this Court stated that defendant faced a possible maximum sentence of "life imprisonment", even though the presentence report indicated a Guidelines maximum of only 405 months. This Court was merely referring to the statutory maximum of life imprisonment, not the relevant Guidelines calculation. This Court has consistently referred to the Guidelines total offense level of 41 with a sentencing range of 324 to 405 months.

To reiterate, this Court did not commit error in its October 3, 2007 Order.

1. It did not fail to calculate the Guidelines range;

2. The Court did not make a mistake in the Guidelines calculation;

3. It did not treat the Guidelines as mandatory;

4. It gave proper consideration to the § 3553(a) factors;

5. It made correct, factual findings;

6. It adequately explained the sentence imposed; and

7. It did not deviate from the Guidelines range without explanation.

The Court's characterization of the unwarranted disparities argument put

forward by defense counsel did not bear upon the ultimate decision not to resentence the defendant.   As the Appeals Court notes, the *Crosby* analysis must be based upon the circumstances existing at the time of the original sentence. Timewell was sentenced well before the other defendants.   Therefore, since the *Crosby* inquiry has ended the possibility of a resentence, the Court need not consider counsel's disparate sentence argument.   The Court's reasons for the range of sentences imposed upon the defendants in this matter have been fully explained in the prior proceeding, but are not relevant to the initial *Crosby* inquiry.

Another panel of Judges of this Court of Appeals in an earlier unpublished decision in this case dated March 22, 2005, held that even if this Court erred in its view of the extent to which defendant's § 1001 conviction was factored into the initial Guidelines calculation, the Court was not mistaken in determining the extent of the downward departure.   As the Court of Appeals stated, "the record indicates that Judge Platt gave careful consideration to the parties' submissions and the facts outlined in the presentence report in granting a 130-month departure from the sentence he would otherwise have imposed." *Id*. at 5.

Since this Court has determined that its sentence under the *Booker* regime would not be materially different than the sentence originally imposed, it does not believe it necessary to resentence the Defendant.   Accordingly, the original sentence is hereby reaffirmed.

SO ORDERED.

_____
Thomas C. Platt, U.S.D.J.

Dated: June 17, 2009
      Central Islip, New York